**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MIKE BOYT, )<br><br>    Plaintiff, )<br><br>v. )<br><br>WAL-MART STORES EAST, LP, )<br><br>    Defendant, )<br>_____) | CIVIL ACTION<br>FILE NO.<br>  2:22-CV-081-RWS\_\_\_\_ |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Mike Boyt, by and through undersigned counsel,

and brings this Complaint against the above-named Defendant, and shows the Court

as follows:

1.

Plaintiff is a resident of Franklin County, Georgia.

2.

Defendant Wal-Mart Stores East, LP. is a foreign for-profit corporation with

its principal office at 708 SW 8th Street, Bentonville, Arkansas 72716.  Defendant

may be served through its registered agent in Forsyth County, The Corporation

Company, located at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia

30040.

3.

Defendant maintains a registered agent in Forsyth County, Georgia within the

Northern District of Georgia, Atlanta Division

## JURISDICTION AND VENUE

4.

Plaintiff realleges paragraphs 1 through 3 as if they were set forth herein,

verbatim.

5.

This action is brought pursuant to 28 U.S.C. § 1332, as there is complete

diversity between the Plaintiff and Defendant.

6.

Plaintiff is alleging damages in a sum over $75,000.00, as required by 28

U.S.C. § 1332(a).

7.

As such, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8.

Venue is proper in the Northern District of Georgia, Atlanta Division,

pursuant to 28 U.S.C. § 1391, because Defendant maintains contacts with the

geographic area sufficient for Defendant to be subject to this Court.

## FACTUAL AND LEGAL ALLEGATIONS

9.

Plaintiff realleges paragraphs 1 through 8 above as if they were set forth herein, verbatim.

10.

At all relevant times upon information and belief, Defendant owned and operated a Walmart known as Walmart #1122 located at 3886 Georgia Highway 17, Eastanollee, Georgia 30538 (hereinafter "the premises").

11.

On July 9, 2020, Plaintiff was an invitee shopping on the premises under the control of the Defendant.

12.

At said place and time, Plaintiff went to a checkout aisle inside the premises and began walking down the aisle when suddenly he slipped and fell on a strawberry on the floor.

13.

Plaintiff was unable to visualize or appreciate the strawberry on the floor.

14.

The condition of the floor constituted a hazardous condition on the premises.

15.

No hazardous condition warnings were placed in a conspicuous location to warn Plaintiff of the hazard on the premises.

16.

At said place and time, Defendant owed Plaintiff a duty to exercise ordinary care to keep the premises safe, to not injure Plaintiff by maintaining a dangerous condition, and to warn Plaintiff of any hazardous conditions on its premises.

17.

Defendant breached this duty of care by, among other things, failing to keep the area safe for Plaintiff, failing to warn Plaintiff of the dangerous condition, and failing to regularly inspect and/or maintain the area so as to discover and remove hazards.

18.

A cashier of the Defendant running the checkout line admitted that they knew strawberries had spilled in the area earlier.

19.

Defendant had actual or constructive knowledge of the hazardous condition

caused by the strawberry on the floor.

20.

As a direct and proximate result of Defendant's negligence, Plaintiff received personal injuries and incurred extensive charges for medical treatment in excess of $22,070.00 to date.

21.

Plaintiff alleges that he has incurred total damages exceeding $75,000.

22.

Defendant knew about the hazardous condition caused by the spilled strawberry in the checkout aisle before the subject incident and failed to clear or correct the hazard despite the obvious threat to safety of invitees such as Plaintiff.

23.

Defendant's actions have been stubbornly litigious, causing unnecessary trouble/expense and have acted in bad faith as to warrant the recovery of litigation expenses pursuant to O.C.G.A. § 13-6-11.

24.

As a further direct and proximate result of Defendant's negligence, Plaintiff has sustained great physical and mental pain and suffering, inability to enjoy a normal life, a diminished capacity to work and labor, and Plaintiff is entitled to a

judgment against Defendants for a sum to be determined by the jury to constitute

full and complete compensation for all his injuries, past, present, and future.

WHEREFORE, Plaintiff prays for the following:

(a)     That service of process issue upon Defendant as provided by law;

(b)     That Plaintiff be awarded compensatory damages and general damages

for pain and suffering, past, present and future in a sum and amount to

be shown exceeding $75,000 at trial in accordance with the

enlightened conscience of an impartial jury;

(c)     That Plaintiff be awarded the costs of the litigation;

(d)     That Plaintiff have a trial by jury on all issues; and

(e)     That Plaintiff have such other and further relief as this Honorable

Court deems just and proper under the circumstances.


Respectfully submitted,

*/s/ Jason T. Schneider*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

                                          */s/ Kathleen M. Edwards-Opperman*
                                          Kathleen M. Edwards-Opperman
                                          Georgia Bar No. 241460
                                          Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000